

FILED
DEC - 6 2019
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| LIEN KIM THI PHAN, a/k/a NANCY PHAN; | **UNDER SEAL** |
| HON LAM LUK; | Case No. 1:19-mj-515 |
| DUONG THUY NGUYEN, a/k/a EVE NGUYEN | |
| *Defendants.* | |

### GOVERNMENT'S MOTION TO SEAL COMPLAINT
### PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint, until all defendants are arrested.

**I.   REASONS FOR SEALING** (Local Rule 49(B)(1))

1.  The United States, including the Federal Bureau of Investigations, the U.S. Postal Inspection Service, the Fairfax County Police Department, the Drug Enforcement Administration, and the Food and Drug Administration Office of Criminal Investigations, is conducting a criminal investigation of a darknet market vendor that operates using the moniker "addy4cheap." The United States is further investigating LIEN KIM THI PHAN, HON LAM LUK and DUONG THUY NGUYEN who have all deposited numerous packages containing illegal narcotics ordered from addy4cheap. LIEN KIM THI PHAN, HON LAM LUK and DUONG THUY NGUYEN are

being charged by complaint with conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. Premature disclosure of the charges against the defendants would jeopardize an ongoing criminal investigation threatening the ability of the United States to locate and arrest the defendants, jeopardize the defendants' ability to cooperate in the investigation, and may lead to the destruction of evidence. Disclosure of the complaint and affidavit in support of the complaint would provide the defendants and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal complaints and affidavits in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The complaint and affidavit in support of the complaint would need to remain sealed until all defendants are arrested.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in support of the complaint and this Motion to Seal and proposed Order be sealed until all defendants are arrested.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/
Bibeane Metsch
Assistant United States Attorney