IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:20-CR-24 (LMB) |
| HON LAM LUK, | |
| Defendant. | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on January 30, 2020, the defendant, Hon Lam Luk, agreed to waive indictment and pleaded guilty to a two-count criminal information charging the defendant with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and with possession with intent to distribute MDMA (3,4-methylenedioxymethamphetamine, commonly referred to as "ecstasy"), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and agreed to the entry of a forfeiture money judgment that is the subject of this order of forfeiture;

WHEREAS, the defendant obtained at least $8,985.00 in U.S. currency during his participation in the conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine, an amount for which the defendant will be solely liable;

AND WHEREAS, the defendant agrees to waive the provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2 (b)(4) and 43(a) with respect to notice in the criminal information that the government will seek forfeiture as part of any sentence in this case, and that

entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the Judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The United States of America shall have a forfeiture money judgment, pursuant to Fed. R. Crim. P. 32.2(b)(1) and 21 U.S.C. § 853(a)(1), against the defendant, Hon Lam Luk, for $8,985.00 U.S. currency, which represents illegal proceeds the defendant obtained from participation in the conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846: an amount for which the defendant shall be solely liable.

2. In satisfaction of such money judgement, the defendant forfeits $8,985.00 U.S. currency seized from his residence on December 9, 2019.

3. The United States of America may collect said judgment by all available means, including but not limited to the forfeiture of direct proceeds and substitute assets.

4. Pursuant to Fed. R. Crim. P. 32.2(B)(3), upon entry of this order, the United States is authorized to conduct any appropriate discovery including depositions, interrogatories, requests for production of documents and for admission, and pursuant to Fed. R. Civ. P. 45, the issuance of subpoenas.

5. The Attorney General, Secretary of Homeland Security, Secretary or the Treasury, or a designee, is hereby authorized to seize, inventory, and otherwise maintain custody and control of the property, whether held by the defendant or by a third party, and to conduct any discovery

proper in identifying, locating or disposing of the property subject to forfeiture pursuant to Fed. R. Crim. P. 32.2 (b)(3) and 21 U.S.C. § 853(g).

6. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov, for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

7. This Order of Forfeiture is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4).

8. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

9. If no third party files a timely petition or if this Court denies and/or dismisses all third party petitions timely filed, this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

//

//

//

//

10. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

January 31, 2020
Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

4

WE ASK FOR THIS:

    G. Zachary Terwilliger
    United States Attorney
    Eastern District of Virginia

By: _____
    Bibeane Metsch
    Jay V. Prabhu
    Assistant United States Attorneys

    _____
    Hon Lam Luk
    Defendant

    _____
    Steven David Stone, Esq.
    Counsel for the Defendant