IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:20-CR-24 (LMB) |
| HON LAM LUK, | The Hon. Leonie M. Brinkema |
| Defendant. | Sentencing: July 21, 2020 |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The defendant, Hon Lam Luk, comes before the Court for sentencing after pleading guilty to a two-count Criminal Information in the above-captioned case charging him with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a) and 846, and with possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of 3, 4-Methylenedioxymethamphetamine, commonly referred to as MDMA or "ecstasy," in violation of Title 21, United States Code, Section 841(a). The United States has no objection to the Probation Officer's calculations of the defendant's United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), as set forth in the Presentence Investigation Report (PSR), (Dkt. No. 55), in paragraph 94.

Further, the United States agrees that the defendant has assisted authorities in the prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby allowing the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Probation Officer has already accounted for this one-level decrease in its Guidelines calculation. PSR ¶ 59. The United States also agrees that the defendant has clearly demonstrated acceptance of responsibility

for the offense. The Probation Officer has already accounted for this two-level decrease in the Guidelines calculation. PSR ¶ 58.

For the reasons set forth herein, as well as for the reasons to be set forth in the government's sealed memorandum to be filed forthwith, the United States respectfully submits that a sentence within a range of 46 to 57 months' imprisonment is appropriate in this case.

## BACKGROUND

In August 2019, Darknet Opioid Task Force Federal Bureau of Investigation agents began investigating a darknet vendor using the moniker addy4cheap that was advertising the sale of Adderall on two darknet markets: the Empire Market and Cryptonia. PSR ¶¶ 10-11. As part of the investigation, agents conducted a series of undercover controlled purchases from addy4cheap using cryptocurrency. PSR ¶ 13. Between August 24, 2019 and November 27, 2019, agents conducted 20 controlled purchases from addy4cheap resulting in the receipt of 767 tablets for a total approximate weight of 268 grams. PSR ¶ 13. Customer reviews for addy4cheap revealed complaints that the tablets received were not Adderall but rather, pressed pills containing methamphetamine. PSR ¶ 11.

Between September and December 2019, law enforcement observed the defendant depositing numerous packages containing illegal narcotics in U.S. Postal Service collection boxes. PSR ¶ 16. In October 2019, the defendant travelled to Vietnam. PSR ¶ 17. While the defendant was in Vietnam, his then wife and co-conspirator, Duong Thuy Nguyen, began depositing envelopes in the mail containing orders from addy4cheap. PSR ¶¶ 17-18. On December 3, 2019, law enforcement learned that the defendant had returned from Vietnam. PSR ¶ 19.

On December 9, 2019, the defendant was arrested based on a criminal complaint charging him with conspiracy to distribute controlled substances and made his initial appearance in the Eastern District of Virginia that day. PSR ¶ 1. On the day of his arrest, two search warrants were executed: one at the defendant's home and one at the home of his co-conspirators, Tyler Pham and Lien Kim Thi Phan. PSR ¶¶ 20-21. In the defendant's home, law enforcement seized approximately 6,000 peach-colored tablets weighing approximately 2.2 kilograms that were a mixture or substance containing a detectable amount of methamphetamine. PSR ¶ 21. The tablets resembled those advertised by addy4cheap and those obtained by law enforcement through undercover purchases. PSR ¶ 21. Various packaging materials, approximately 400 grams of MDMA tablets, marijuana, vape cartridges, a money counter and approximately $8,985 in U.S. currency was also found. PSR ¶ 21.

On December 12, 2020, the defendant had a detention hearing and was detained pending trial. PSR ¶ 2. On January 30, 2020, the defendant appeared before the Court and pleaded guilty pre-indictment to a two-count Criminal Information charging him with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and possession with intent to distribute MDMA. PSR ¶ 3.

## SENTENCING ANALYSIS

I. **Law**

The Court consults both the Guidelines and the sentencing factors in 18 U.S.C. § 3553(a) to determine a defendant's appropriate sentence. Although the Guidelines are advisory, district courts are required to "consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005). Under the required procedures, a "district

court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph 2 lists four purposes for a sentence: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition to the purposes of sentencing listed in Section 3553(a)(2), a sentencing court must also consider: (1) the nature of the offense and the defendant's history and characteristics; (2) the kinds of sentences legally available; (3) the advisory sentencing range provided by the Sentencing Guidelines; (4) any relevant policy statement issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities; and (6) the need for restitution. 18 U.S.C. § 3553(a).

## II. Guidelines Calculation

With respect to the two counts of the Criminal Information, the Probation Officer has appropriately calculated a total offense level of 27 and criminal history category I for the defendant. PSR ¶¶ 60, 65. The base offense level based on drug quantity and converted drug weight is 32, as stipulated in the defendant's plea agreement, which is described in paragraph 4 of the PSR. PSR ¶¶ 4, 51. Two points are subtracted from the offense level because the defendant

4

meets the criteria of U.S.S.G. § 5C1.2. PSR ¶ 52. The government concurs with the Probation Officer's application of the two-level reduction for acceptance of responsibility under § 3E1.1(a), and in accordance with the plea agreement, hereby moves for the additional one-point reduction under § 3E1.1(b). PSR ¶¶ 4, 58, 59. The defendant's total offense level of 27 and criminal history category I yields an advisory Guidelines range of 70 to 87 months. PSR ¶ 94.

### III. Section 3553(a) Analysis

Of the sentencing purposes described in 18 U.S.C. § 3553(a)(2), paramount in this case is the need for the defendant's sentence to afford adequate deterrence and to promote respect for the law, reflect the crime's seriousness, and provide just punishment. The defendant distributed and possessed a significant quantity of tablets that were a mixture or substance containing a detectable amount of methamphetamine over a period of months, endangering people in the local community and across the nation. He also possessed with the intent to distribute a significant quantity of MDMA. By any measure, the defendant's offenses are serious.

Methamphetamine is a highly addictive drug that has a proven record of destroying families, homes, and communities. In December 2019, it was reported that "[n]ationally, since late last year, meth[amphetamine] has turned up in more deaths than opioid painkillers like oxycodone and hydrocodone" and that "there were about 13,000 deaths involving meth[amphetamine] nationwide in 2018."[1] Moreover, "[l]ong-term methamphetamine use has many other negative consequences, including extreme weight loss, addiction, severe dental problems ("meth mouth"), intense itching, leading to skin sores from scratching, anxiety, changes

---

[1] Abby Goodnough, *A New Drug Scourge: Deaths Involving Meth Are Rising Fast*, N.Y. Times, Dec. 17, 2019, *available at* https://www.nytimes.com/2019/12/17/health/meth-deaths-opioids.html (last visited July 14, 2020).

in brain structure and function, confusion, memory loss, sleeping problems, violent behavior," paranoia, and hallucinations.[2] Studies confirm that "even small amounts of methamphetamine can result in many of the same physical effects as those of other stimulants, such as cocaine or amphetamines."[3] MDMA is likewise dangerous with high doses sometimes affecting "the body's ability to regulate temperature" which "can lead to a spike in body temperature that can occasionally result in liver, kidney, or heart failure or even death." [4]

It is also important in this case to account for the nature and circumstances of the offense, and the need to send a message of specific deterrence to this defendant. The defendant packaged and mailed nationwide large quantities of pills and was compensated for doing so. He then convinced his wife to package and mail pills while he was out of the country in Vietnam. PSR ¶ 46. The defendant is not the most culpable individual in the organization but also not the least culpable. His wife, who he enlisted to get involved in the conspiracy, had a more limited role, was never compensated, and is the least culpable. PSR ¶ 46. The defendant was not, however, the connection to the source of supply as Tyler Pham was, PSR ¶ 44, and he did not have a proprietary stake in the vendor addy4cheap, nor did he pay any other individuals involved for their work. His role was closer to that of Lien Kim Thi Phan, who also tracked shipments, packaged narcotics for mailing, and did drop offs. PSR ¶ 45. It is clear both based on the volume of

---

[2] National Institute on Drug Abuse, *Drug Facts—Methamphetamine* (available at https://www.drugabuse.gov/publications/drugfacts/methamphetamine) (last visited July 14, 2020).

[3] *Id.*

[4] National Institute on Drug Abuse, *Drug Facts—MDMA (Ecstasy/Molly)* https://www.drugabuse.gov/publications/drugfacts/mdma-ecstasymolly (last visited July 14, 2020).

mailings the defendant did and the quantity of pills he had in his home, that the defendant had a cavalier attitude toward the individuals to whom he and his co-conspirators were peddling highly addictive substances as well as to the harm he was causing society, and therefore a significant term of imprisonment is appropriate.

Finally, the defendant's own history and characteristics suggest that a sentence between 46 and 57 months is appropriate. To his credit, the defendant has no criminal history. PSR ¶¶ 62-65. But the defendant's family and educational background reveal that he grew up in a stable, two-parent, home where he had emotional and financial support. PSR ¶ 72. At the age of age of 12 he moved to the United States, specifically northern Virginia. PSR ¶¶ 71, 72. He had fairly regular employment. PSR ¶¶ 87-90. As such, he had ample opportunity to pursue legitimate professional ends, but instead, he succumbed to the lure of quick and easy money selling illicit pills.

## CONCLUSION

For the reasons stated herein, as well as what will be set forth in the government's sealed memorandum that will be filed forthwith, the United States submits that a sentence within the range of 46 to 57 months is sufficient but not greater than necessary to satisfy the sentencing factors in Section 3553.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: _____/s/_____
Bibeane Metsch
Jay V. Prabhu
Assistant United States Attorneys

7

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to counsel of record in this case; and I will further forward an electronic copy to the U.S. Probation Officer assigned to the case.

/s/
Bibeane Metsch
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone:   703-299-3700
Fax: 703-299-3982
Email: bibeane.metsch@usdoj.gov