IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:20-CR-00024 (LMB) |
| v. ) | |
| ) | |
| HON LAM LUK, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S POSITION ON SENTENCING

COMES NOW Defendant Hon Lam Luk, through the undersigned counsel, and submits his position on sentencing, and in support thereof states as follows:

### BACKGROUND

Mr. Luk was born on March 24, 1987, in Hong Kong, and is the youngest of two children born to his parents, Cheuk Luk (age 68) and Lai Fan Leung (age 58). Mr. Luk had a happy and trauma-free childhood, and describes his parents and older sister his family as supportive. Mr. Luk's family immigrated to the United States when he was thirteen (13) years old, and they are presently naturalized U.S. citizens. Mr. Luk has a close relationship with his parents and has maintained close contact with them throughout his incarceration. Prior to his arrest, Mr. Luk resided with his parents in Chantilly, Virginia. Please see the character reference letters from Mr. Luk's family, which are attached as Exhibits 1 through 5.

Mr. Luk is married to co-defendant Duong Thuy ("Eve") Nguyen, with whom he shares custody of their five years old son Davin. Prior to his arrest, Mr. Luk and his wife were separated as a result of irreconcilable differences and living apart. Since the time of his and Ms. Nguyen's respective arrests, Davin has been residing with and cared for by Mr. Luk's parents.

Mr. Luk also has a girlfriend who resides in Vietnam, and who recently gave birth to his

second son in May 2020. Due to his incarceration and the COVID-19 emergency, Mr. Luk has not been able to meet his newborn son.

While Mr. Luk has obtained a general equivalency diploma ("GED"), his employment history and experience were limited to the restaurant industry. Hoping to earn more income and work hours that would allow him the flexibility to raising his young son, Mr. Luk subsequently began his own resale business on eBay. Unfortunately, Mr. Luk still experienced financial difficulty with earning enough money to support his young son and family.

Mr. Luk did not utilize a lot of discretion in the past when forming his group of friends, which consisted primarily of his co-conspirators: Tyler Pham, Son Nguyen and Duong Nguyen. When Mr. Luk lamented his financial woes to his friends, they presented him with a solution in the form of paying him a fixed rate of $3,000 per month to fulfil, via U.S. mail, orders for pills placed on the dark web marketplace owned and administered by his co-conspirators, and using pills and shipping supplies and labels supplied by his co-conspirators.

Mr. Luk commenced fulfilling the orders from the end of September 2019 through the date of his arrest on December 9, 2019; except for the period spanning November 1, 2019 through December 2, 2019, when Mr. Luk was visiting his girlfriend in Vietnam, and during this time his wife and co-conspirator fulfilled the orders. Mr. Luk laments involving his wife in this conspiracy, and she only reluctantly agreed to participate knowing that this income would go to support their young son, Davin.

On January 30, 2020, Mr. Luk plead guilty to the following two counts: (I) conspiracy to distribute 500 grams or more of a mixture of substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (II) possession with intent to distribute MDMA, in violation of 21 U.S.C. § 841(a)(1). Mr. Luk has reviewed, and agrees with, the contents of the Presentence

Report prepared by the United States Probation Office, as well as its guideline calculations.

## DISCUSSION OF SENTENCING ISSUES

Immediately at the time of his arrest, Mr. Luk admitted his guilt to the arresting officers, and has accepted responsibility for his conduct. Moreover, Mr. Luk has been fully cooperative and forthcoming with the government since the day of his arrest and will continue to do so after he is sentenced.

Mr. Luk is repentant for his actions and the detrimental impact they have had on his family and the community. Mr. Luk is committed to utilizing the term of his incarceration to improve himself and be positioned upon his release to make better decisions and to support his young sons and family. During his incarceration, he intends to avail himself of the educational programs offered by the Bureau of Prisons to learn new skills that will make him marketable and employable in the labor force upon his release; and also attend the parenting courses offered by the Bureau of Prisons to learn how to best care for his young sons. Mr. Luk is also determined to utilize better judgment in his future friendships and social company, by surrounding himself with positive and law-abiding influences. In this manner, Mr. Luk plans to be in a position to earn sufficient income to support his family and not return to his prior precarious financial situation, while at the same time having positive influences in his life that will encourage him to continue to improve himself and provide a network to support him and his family.

Mr. Luk has no prior criminal record and two young sons that will suffer regardless of the length of his sentence. Similarly, Mr. Luk's parents are presently – and for the foreseeable future – the guardians of Mr. Luk's oldest son, and as a result they have had to postpone their plans to retire this year so that they can care for and financially support their grandson, Davin, while his parents are incarcerated for their actions.

The Sentencing Guidelines range is from seventy (70) to eighty-seven (87) months for each offense. However, given Mr. Luk's full and continuing cooperation with the United States, we join with the United States' recommendation of a sentencing within a range of 46 to 57 months' imprisonment.  More specifically, we seek a sentence of forty-six (46) months, plus three (3) years of supervised release, which we believe is sufficient to punish and make an example of, a fully cooperative defendant, with no prior record, and who despite not profiting financially in any significant way from his crimes, was primarily motivated by finding a means to support his young family.

        Respectfully submitted,

        Hon Lam Luk

        By Counsel,

            /s/ Alfredo Acin
        Steven David Stone, VSB # 16996
        Alfredo Acin, VSB # 76445
        OFFIT KURMAN, P.C.
        8000 Towers Crescent Drive, Suite 1400
        Tysons Corner, Virginia 22182
        Telephone: (703) 745-1813
        Facsimile  (703) 745-1835
        sstone@offitkurman.com
        aacin@offitkurman.com
        *Counsel for Defendant Hon Lam Luk*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2020, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to:

Bibeane Metsch, Esquire
Jay V. Prabhu, Esquire
*Assistant United States Attorneys*
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
bibeane.metsch@usdoj.gov
jay.prabhu@usdoj.gov

                                             */s/ Alfredo Acin*
                                   Steven David Stone, VSB # 16996
                                   Alfredo Acin, VSB # 76445
                                   OFFIT KURMAN, P.C.
                                   8000 Towers Crescent Drive, Suite 1400
                                   Tysons Corner, Virginia 22182
                                   Telephone: (703) 745-1813
                                   Facsimile: (703) 745-1835
                                   sstone@offitkurman.com
                                   aacin@offitkurman.com
                                   *Counsel for Defendant Hon Lam Luk*