IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) 1:20-cr-24 (LMB) |
| HON LAM LUK, | ) |
| | ) |
| Defendant. | ) |

ORDER

Acting pro se, defendant Hon Lam Luk ("defendant") has filed a Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), in which he argues that he has established extraordinary and compelling reasons justifying a sentence modification based on his increased risk of contracting Covid-19 and what he describes as "an unwarranted sentencing disparity." [Dkt. No. 64] at 1. Finding that neither a response from the government nor oral argument would further the decisional process, the Motion will be resolved on defendant's pleading and the record. For the reasons that follow, the Motion will be denied.

Although defendant has exhausted his administrative remedies,[1] he has not satisfied § 3582's requirement that an inmate seeking compassionate release establish "extraordinary and compelling reasons to warrant [ ] a reduction" of his sentence. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Feiling, No. 3:19-cr-112, 2020

---

[1] To be eligible for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant must have first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or 30 days must have passed from the warden's receipt of such an appeal. Defendant submitted a request to the Warden of his facility on March 3, 2021, and the Warden denied his request on March 11, 2021. [Dkt. No. 64-1] at 8-9.

WL 1821457, at *7 (E.D. Va. Apr. 10, 2020); see also United States v. White, No. 2:07-cr-150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020). Defendant, who is 33 years old, does not suffer from any of the underlying medical conditions which the CDC has identified as creating increased risk for severe illness associated with Covid-19. See Presentence Investigation Report ("PSIR"), [Dkt. No. 55] at ¶ 80 ("Luk is currently in good health and he presented no history of any serious or chronic medical conditions or illnesses."). Although he reports that he suffers from post-traumatic stress disorder ("PTSD") as a result of his incarceration during the pandemic, he concedes that "his medical records do not reflect his PTSD." [Dkt. No. 64] at 6. Most importantly, defendant has advised the Court that he has already been vaccinated for Covid-19, which significantly reduces his chances of contracting the virus or becoming seriously ill as a result. Although it is understandable that defendant has been stressed by the experience of being incarcerated during the Covid-19 pandemic, the record does not indicate that he has a "particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." Feiling, 2020 WL 1821457 at *7.

The other grounds which defendant has identified as justifying a sentence modification are the alleged "unwarranted sentencing disparity" he believes to exist in relation to his co-defendants, and the BOP's denial of his request to participate in the Residential Drug Abuse Program ("RDAP"). Defendant was sentenced to 46 months' incarceration after he pleaded guilty to one count of conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of possession with intent to distribute MDMA in violation of 21 U.S.C. § 841(a)(1). [Dkt. No. 60]. Three of his six co-defendants likewise received 46-month sentences, which is consistent with the finding in the PSIR that defendant was an "average participant" in the offense based on his role packaging

and distributing narcotics for the leader of the conspiracy. [Dkt. No. 55] at ¶¶ 44-46. Although defendant received a longer sentenced than one defendant with a similarly average role, defendant's longer sentence is supported by the Court's finding that his conduct was particularly "serious" because he recruited his wife into a criminal conspiracy in which she otherwise would not have been involved. Id.; [Dkt. No. 62] at 9:11-19. As to defendant's argument that a sentence modification is warranted because he has been unable to participate in the RDAP, he was informed during his sentencing hearing that the program was "recommended," but that he would only be able to participate if he could "get into" the program. [Dkt. No. 62] at 10:2-7. The fact that defendant was not admitted to the program is not an extraordinary and compelling reason warranting a reduction of his sentence.

For these reasons, it is hereby

ORDERED that defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Dkt. No. 64] be and is DENIED.

To appeal this decision, defendant must file a written notice of appeal with the Clerk of court within fourteen (14) days of the date of entry of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and the date of the Order defendant wants to appeal. Defendant need not explain the grounds for appeal until so directed by the Court of Appeals. Failure to file a timely notice of appeal waives defendant's right to appeal this decision.

The Clerk is directed to forward copies of this Order to counsel of record and to defendant, pro se.

Entered this 4th day of May, 2021.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

3